Thomas H. Perkins, one of the defendants, brought a suit at law and recovered a judgment against the complainant in the Court of Pleas and Quarter Sessions for the County of Davidson. Childress, to be relieved against the judgment, filed a bill in chancery in the Circuit Court of Davidson, praying for an injunction, which was granted.
The subpoena which issued was directed to the sheriff of Williamson County, and was there served upon the defendant, Thomas H. Perkins, who thereupon filed a plea in abatement to the jurisdiction of the Davidson *Page 88 
Circuit Court, upon the ground that neither he nor the other defendant were inhabitants of Davidson County.
The Act of Assembly relied upon by Dickinson, who appeared for the defendants, provides "that, in transitory actions, the right of action shall follow the person of the defendant." He said that, in this case, the defendant lived in the county of Williamson, and the suit had been brought in the county of Davidson, which was an express contravention of the act of Assembly. The defendant was liable to be sued in the county where he lived, and in no other place; otherwise the statute would have been made to no purpose, as the object of it would be defeated, which was to secure defendants from molestation by legal process at a time when they were separated from their friends, as well as to prevent them from being dragged to a remote part of the State to defend themselves.
It was urged by Cooke, for the complainant, that the act did not extend to oases in chancery; that it was alone confined to actions at common law. He said that he was willing to admit a suit in equity was, technically speaking, as much an action as a suit at common law, but that it was not so understood in common parlance, nor did the Legislature in one case out of twenty ever use the term "action" as applicable to anything but suits at law. Besides, innumerable evils would arise from a contrary construction; as, if an unjust judgment at law was obtained by a non-resident, the injured party could get no relief by an injunction, because the process could not be served upon the defendant.
Nothing is said in the act about the place of residence of the defendant, nor is it necessary that the suit in transitory actions should be brought in the county where the defendant resides; but it is necessary that the process should be served in the county where the suit is brought. The action is to follow the defendant; that is, it must be brought in the county where he is at the time it is brought; and a return of service by an officer of the county where the action is brought would be evidence that he was there. *Page 89 
This being an injunction can not alter the case, because we understand now that an injunction is a personal matter, and must as much follow the person of the defendant as any other kind of action.
White, J., concurred.